EDWARD GRASSMANN, assignee, &c.,

*v.*

JOHN H. BONN and others, commissioners.

Certain commissioners, authorized by statute, made a contract for the improvement of a public road, with M. & N., who gave sureties for its faithful execution. Afterwards, with the commissioners' approval, M. assigned his interest to N., who, before the work was finished, made an assignment to G. for the benefit of his creditors. The sureties of M. & N., by a subsequent, independent contract with the commission-

ers, completed the work. By the original contract it was provided that so much of the money due the contractors under it as might be considered necessary by the commissioners, would be retained by them until any suits or claims against them for damages or for arrears in payment to workmen, or for material furnished, should have been settled and evidence to that effect furnished to the commissioners. G. filed a bill against the commissioners for an account, discovery, etc., to which they put in a demurrer, because the sureties of M. & N., and also persons holding claims against N. for labor or materials furnished on the work, had not been made parties.—*Held*, that none of them being necessary or even proper parties, the demurrer should be over-ruled.

Bill for account, &c.  On demurrer, for want of necessary parties.

*Mr. R. Gilchrist*, for demurrant.

*Mr. J. W. Vroom*, for complainant.

The Chancellor.

The complainant, assignee of Thomas H. Niven, files his bill against the defendants, commissioners under an act of the legislature, approved April 4th, 1872 (*P. L.* 1872, p. 1379), for the improvement of Bull's Ferry road, in Hudson county, and its various supplements, for an account, with discovery and other relief incident thereto. The commissioners were authorized by law to widen and improve the road and to contract for the work of improvement. They accordingly made a contract in writing, on the 7th of November, 1874, with Thomas H. Niven and John A. Middleton, to do certain work of improvement mentioned therein. Middleton, on or about March 1st, 1875, assigned all his interest in the contract (the work under which had been partly done) to Niven. The commissioners, on the 13th of April, in the last-mentioned year, agreed to the assignment, releasing Middleton and accepting Niven as sole contractor, and agreed to pay him the compensation fixed and stipulated

for in the contract for the work. Niven proceeded with the work but did not finish it, and on the 28th of December, 1875, assigned all his property to the complainant for the equal benefit of his creditors, under the act "to secure to creditors an equal and just division of the estates of debtors who assign to creditors." Subsequently, and on the 26th of January, 1876, the sureties of Niven and Middleton made a contract with the commissioners to complete the work and otherwise perform the contract on which they were sureties. They completed the work to the satisfaction of the commissioners, but at the time of filing the answer, the year after completion for which they were bound by the contract to keep the road in good order had not expired.

The answer states that there are a great number of persons who claim that the commissioners should pay, out of the funds claimed by the complainant, large sums of money for labor or materials, on or for the work, or for supplies furnished in connection therewith, by virtue of some lien which they insist exists thereon in their favor, and the question is raised by the answer, and is now submitted for decision as on demurrer, whether those persons and the sureties should be made parties to this suit.

By the contract, it was provided that so much of the money due the contractors under it as might be considered necessary by the commissioners, would be retained by them until any suits or claims against them for damages or for arrears in payment to workmen, or for material furnished, should have been settled, and evidence to that effect furnished to the commissioners.

This action is for an account and payment of the amount which may be found to be due. It is not claimed by the commissioners that any lien upon the money due the contractor under the contract exists as against them or the work, by virtue of any provision of statute law, nor that any assignment by draft or order or otherwise has been made by the contractor of the money claimed by the complainant,

or any part of it, unless the above-mentioned provision has the effect of an equitable assignment. That provision was probably intended for the indemnity of the commissioners against suits or claims for wages, or the price of materials, which, though unmaintainable, might nevertheless be brought against them, and to guard against contingencies, such as malicious injury to the work in revenge for non-payment of wages, which might otherwise arise from the failure of the contractors to meet their obligations to laborers on or venders of materials for the work. It does not create a lien in favor of such persons. It gives merely the right to retain money until the claims shall have been settled, and proof to that effect shall have been given to the commissioners. It was intended as a means of coercion, of compelling the contractors to pay their debts, contracted in connection with and for the work. The commissioners are charged with no duty towards those to whom such debts are due, by reason of it. Whether they would retain or not was entirely at their option. The provision does not render them liable at law or in equity for the payment of those debts. Nor is the provision an equitable assignment on the part of the contractors of so much of the fund as may be necessary to pay such debts. The persons holding such claims are therefore not necessary, nor would they be proper, parties to the bill. So, too, in regard to the sureties. They have finished the work under a contract with the commissioners, and look to the latter for compensation under their contract.